IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FREDERICK CURTIS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-17-2728 |
| MARYLAND ENVIRONMENTAL SERVICE, | * | |
| | * | |
| Defendant. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

*Pro se* Plaintiff Frederick Curtis ("Plaintiff" or "Curtis") brings this action against Defendant Maryland Environmental Service ("Defendant" or "MES") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, the Maryland Fair Employment Practices Act ("FEPA"), Md. Code, State Gov't §§ 20-601(a), *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.* Currently pending before this Court is Defendant's Second Motion to Dismiss for Insufficient Service of Process. (ECF No. 10.)[1] The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendant's Second Motion to Dismiss for Insufficient Service of Process (ECF No. 10) is DENIED.

## BACKGROUND

This Court accepts as true the facts alleged in Plaintiff's complaint. *See Aziz v. Alcolac, Inc.*, 658 F. 3d 388, 390 (4th Cir. 2011). Plaintiff Curtis, an African-American male, began

---

[1] Also pending is Defendant's Original Motion to Dismiss for Insufficient Service of Process. (ECF No. 6.) This Motion is MOOT.

1

working as an environmental specialist for the Maryland Environmental Service in May of 2006. (ECF No. 1 at ¶ 26.) At the time he was hired, he was over forty-years old. (*Id.* at ¶ 25.) During his employment, Curtis was promoted to a third-level environmental specialist. (*Id.* at ¶¶ 26-27.) Despite performing his position successfully and receiving pay increases, on December 4, 2015, Curtis was told that his contract was being terminated. (*Id.* at ¶ 28, 47.) His termination letter asserted that his termination was due to a workload reduction. (*Id.* at ¶ 49.) Plaintiff, however, believing his termination was pretext for race and age-based discrimination, brought this action alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, the Maryland Fair Employment Practices Act ("FEPA"), Md. Code, State Gov't §§ 20-601(a), *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.*

Curtis filed his *pro se* Complaint on September 13, 2017.[2] (ECF No. 1.) On September 27, 2017, this Court entered an Order granting Plaintiff's Motion for Leave to Proceed in Forma Pauperis. (ECF No. 3.) On November 2, 2017, Curtis filed that the summons and complaint were delivered by Federal Express to "M. Young" at a location in Millersville, Maryland. (ECF No. 5.) On November 22, 2017, Defendant filed a Motion to Dismiss for Insufficient Service of Process, asserting that serving "M. Young" was insufficient under the Federal or Maryland Rules of Civil Procedure. (ECF No. 6.) This Court subsequently sent Curtis a letter indicating that the Defendant had filed the Motion to Dismiss. (ECF No. 7.) On December 11, 2017, Curtis filed that the summons and "copy of original service and return receipt" were personally served on William J. Selle, counsel for MES. (ECF No. 8.)

---

[2] The Complaint, however, was prepared by an attorney.

2

Defendant subsequently filed a Second Motion to Dismiss for Insufficient Service. (ECF No. 10.)

## STANDARD OF REVIEW

A *pro se* plaintiff's pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A motion to dismiss for insufficient service of process is permitted by Federal Rule 12(b)(5). Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4. *See Norlock v. City of Garland*, 768 F.2d 654, 656 (5th Cir. 1985). Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court. *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963); *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Thus, when there is actual notice, failure to strictly comply with Rule 4 may not invalidate the service of process. *Armco*, 733 F.2d at 1089. However, plain requirements for the means of effecting service of process may not be ignored. *Id.*

## ANALYSIS

Defendant Maryland Environmental Service is an agency of the State of Maryland. Md. Code, Natural Resources, §§ 3-101(a), *et seq.* Federal Rule of Civil Procedure 4(j) states that a state governmental organization may be served by: (1) delivering a copy of the summons and the complaint to its chief executive officer; or (2) serving a copy of each in the manner prescribed by Maryland law. Fed. R. Civ. P. 4(j)(2). Maryland Rule 2-124 provides that an agency of the State of Maryland may be served by (1) serving the resident agent

3

designated by the agency or (2) serving the Attorney General or an individual designated by the Attorney General. Defendant asserts that Plaintiff did not properly serve MES under either the Federal or Maryland rules.

The Director and Chief Executive Officer of MES is Roy McGrath. (ECF No. 10 at 2.) McGrath was never served with a copy of the summons and complaint in this case. Rather, Plaintiff served William J. Selle, counsel for MES. Selle is also not designated by MES as its resident agent or designated to receive service on the Attorney General's behalf. (Selle Aff., ECF No. 10-1.) Further, Selle was only served with a copy of the complaint and not the summons. (*Id.*)

While Defendant correctly notes that the *pro se* Plaintiff failed to comply with the strict requirements for service of process under Rule 4, MES had actual notice of this action. In *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984), the United States Court of Appeals for the Fourth Circuit concluded that "[w]hen the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction." *Id.* Therefore, this Court has previously held that actual notice in some instances cures technical violations of Rule 4. *See Syncrude Canada Ltd. v. Highland Consulting Group*, 916 F.Supp.2d 260, 627 (D. Md. 2013) (denying a motion to dismiss for insufficient service of process when the plaintiff served its main point of contact with the defendant and the defendant acknowledged receiving the service of process); *Ferebee v. United States*, No. GJH-16-3482, 2017 WL 3141914, at *2 n.5 (D. Md. July 24, 2017) (explaining that "because Defendant United States has actual notice of the action, and has entered an appearance in this matter, insufficient service of process would not, alone, cause the Court to dismiss

4

Plaintiff's *pro se* Complaint"). MES filed not only one, but two Motions to Dismiss for Insufficient of Process. (ECF Nos. 6, 10.) Further, the second time Plaintiff attempted to effectuate service, he served current counsel for MES. Finally, although Plaintiff only served Selle with a copy of the Complaint and not the summons, counsel clearly had access to the summons filed in this Court's system. (ECF No. 4.) Accordingly, Defendant's Second Motion to Dismiss for Insufficient Service of Process (ECF No. 10) is DENIED.

## CONCLUSION

For the reasons stated above, Defendant's Second Motion to Dismiss for Insufficient Service of Process (ECF No. 10) is DENIED.

A separate order follows.

Dated:     March 19, 2018

_____
Richard D. Bennett
United States District Judge